Judge Marshall
delivered the Opinion of the Court.
In 1827, three of the Commissioners appointed by the Count Court of Bullitt, under the acts relating to the division of lands, together with two other individuals selected by the parties, proceeded to make division of a tract of about three hundred and five acres, between .Arthur Quinn arid Alfred Thornberry, who were entitled to it in equal moieties. The division was made by metes and bounds, regularly returned to the Court, but not acted on by it, nor recorded; and the parties have held possession ever since, according to the boundaries as then run upon the ground.
In 1832, the three regular Commissioners, upon the request of J. Saunders, the vendee of Quinn, and upon information of a mistake in the quantity of the two lots, as laid off in the former division, proceeded to correct the mistake, by running off twelve acres included in lot No. 2, to be annexed to lot No. 1, and made report of this proceeding to the County Court, by which both divisions were then ordered to be recorded.
Bates having subsequently received a conveyance of the interest of Saunders, filed this bill in 1833, tendering a release oh his part according to the second division, and praying for a similar conveyance from Thornberry, and also for general relief.
On final hearing, the Court decreed releases according *10 to the first division, find that each party should pay their own costs. To reverse which decree, Bates prosecutes a writ of error.
We have no doubt that a Court of Equity might take jurisdiction to decree conveyances, according to a division made by County Court Commissioners. But in this case it is made out by the proof, that by the division line, as first run, several acres less was assigned to one, and as much more was assigned to the other of the two lots, than was intended, and directed by the Commissioners. So that there being a clear mistake in this division, it does not stand on the authority of the Commissioners, and does not of itself form the proper basis of a decree. And, as we are clearly of opinion that, under the statutes relating to the division of land, (Stat. Law 1066—1072) the Commissioners had no right, after an interval of four years, to correct the former division, or make a new one; it follows, that the second report and division is, in effect, nothing more than a private act; and is, like the first, entirely insufficient to form the basis of a decree.
We are of opinion, therefore, that the case came before the Chancellor unaffected by any previous division, except so far as improvements may have been made by the parties respectively, in consequence of such division. And that, under the prayer for general relief, it was the duty of the Court to have caused a just division to be made, according to the condition of the property in December, 1827, when the first division was attempted, having due regard to the position of the improvements since made by the parties respectively — unless it had been made to appear satisfactorily, that one of the divisions previously made was just and equal, in which case the Court should have adopted it upon its own authority, and as its own division, and not upon the authority, or as the act of the former Commissioners.
Upon the evidence now in the record, we cannot say that the first division, as actually made, was just and equal, nor indeed can we pronounce it to be otherwise. But the decree is erroneous because it assumes as its basis the first division by the Commissioners, which, being certainly infected by a mistake, furnishes no evi *11 dence of its own equality, but the contrary, and is not supported by such evidence in this case, as authorized the Chancellor to adopt the act as his own.
Wherefore, the decree is reversed, and the case remanded for further proceedings, not inconsistant with this opinion.